STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
WILLIAM M. FRAZER, PLAINTIFF IN ERROR.

Argued October 22, 1931—Decided February 1, 1932.

For the plaintiff in error, *Alexander Simpson*.

For the defendant in error, *Abe J. David*.

The opinion of the court was delivered by

BODINE, J. William M. Frazer was convicted of murder in the first degree. On February 18th, 1931, he shot Phoebe Stader while she was sitting in his automobile while it was standing on the road between Newburgh and Walden, New York. She died after he had driven the car by the Durant automobile plant in Elizabeth and while still in Union county. He then told a relative and his wife what he had done, covered the body, locked the car and went to bed in his mother's house after indulging in some talk of suicide. The next day he started south with the body and after stripping it of clothes and a ring dragged it into the woods near Carmel Church, Virginia, where it was subsequently found and conclusively identified. The clothing he kept in the car till after he had met a hitch-hiker, one William McGrath, a witness at the trial who proved that about eight miles out of South Hill, Virginia, a woman's clothing and effects were burned by Frazer, who then went on his way to Raleigh, North Carolina, where he was apprehended while using an assumed name. Before leaving New Jersey, arrangements were made with a cousin to send him money. On the way south, plaintiff in error stopped in Philadelphia and wrote to Phoebe Stader's sister to tell her that they were on their way to California.

The proofs clearly show that Mrs. Stader, who had accompanied Frazer in his automobile to Walden, New York, a day or two before the shooting, was shot with a bullet from a .22 calibre rifle, which Frazer had owned for a long time and for which he had purchased a box of cartridges at the store of one George F. Evans, in Walden, New York, on February 17th, 1931, the day before the shooting.

The first point argued in behalf of the plaintiff in error is that the court was without jurisdiction since there is no proof, apart from Frazer's statement, that the woman died in Union county.

The prosecution has the burden of proving that a crime has been committed before the jury can proceed to inquire as to who committed it. 16 *Corp. Jur.* 529.

Apart from Frazer's own statement, the state proved the finding by the sheriff of Carolina county, Virginia, of Mrs. Stader's dead body, stripped of clothing, in the woods near Carmel Church. The body was identified by her husband and brought to Elizabeth where an autopsy was performed by Dr. George W. Horre, who found that she died of a bullet wound in the head, the bullet entering one inch to the left and one inch above the occipital protuberance.

Frazer's cousin, a man named Jansen, who lived at Frazer's mother's house in Rahway, testified that on Wednesday morning, February 18th, 1931, Frazer woke him up; that when he dressed and went out to Frazer's car, which was standing in the street, he saw Mrs. Stader's dead body in a sitting position in the front seat; that so far as he could tell she was dead. The pair then went to Frazer's wife's house and woke her up. After some talk, Frazer went out with the promise that he would kill himself, which he failed to do. The dead body was then placed in the rear of the car and was covered with a crate and blankets to conceal it. The medical testimony indicated that the woman could have lived for some hours after the shot was fired. Thus was Frazer's statement corroborated.

The *corpus delicti* was proved beyond the requirements of law. *State* v. *Guild,* 10 *N. J. L.* 163. "If death through criminal agency be proved, and a man confesses to having caused that death he may be convicted of murder on his confession." *State* v. *Kwiatkowski,* 83 *Id.* 650, 660. "Full proof of the body of the crime, the *corpus delicti,* indepedently of the confession, is not required. It may be proved by the confession itself, corroborated by other evidence." *State* v. *Banusik,* 84 *Id.* 640, 646. So that even if proof of the place of death be regarded as an essential part of the proof of the *corpus delicti* the corroborating circumstances, together with the confession, establish the fact that death

occurred in Union county. "When there is a voluntary confession of the offense by the defendant in a criminal case, full proof of the body of the crime is not required in addition to the confession, but sufficient proof thereof may arise out of evidence corroborating some fact or facts in the confession itself." *State* v. *Gellzeiler,* 101 *Id.* 415, 416; 16 *Corp. Jur.* 735.

It was also suggested by counsel for the plaintiff in error that the proofs were lacking to establish that the homicide was premeditated, willful and deliberate. The suggestion, in view of all the evidence, seems without merit. The proofs show that the relations between the murderer and the murdered woman had been illicit, and that she had attempted to terminate the same. Be that as it may, the purchase of the cartridges shows premeditation in the light of the subsequent happenings above related. Besides, there was an abundance of testimony indicative that the shooting could not have been accidental; that in fact the rifle could not have been discharged in the way claimed by the plaintiff in error. It was not automatic and required cocking and more space than there was in the rear of the car to permit of its having been fired in such a way as to inflict the wound from which the woman died. The proofs demonstrate further that the woman must have been shot while the murderer stood on the side of the road and took deliberate aim. The subsequent admitted and proved conduct of Frazer demonstrates that the killing as well as being premeditated was deliberate and willful.

Frazer's statements to the officials do mention the fact that he had been drinking apple brandy (improperly called whiskey) before the shooting. He also testified to the fact. The learned trial judge, from an abundance of precaution, left the issue of intoxication to the jury in the manner approved in *State* v. *Close,* 106 *N. J. L.* 321. Our examination of the record convinces us, however, that there was no proof of intoxication which would justify the jury in finding the accused guilty of a lesser offense than murder in the first degree. Mere drinking does not suffice.

We find no merit in the other points raised and argued, nor do they merit discussion.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ.   15.

*For reversal*—None.